**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: Beyond Meat, Inc., Protein Content Marketing and Sales Practices Litigation | ) ) ) ) ) ) ) | Case No. 1:23-cv-00669<br><br>MDL No. 3059<br><br>Judge Sara L. Ellis |

## <u>FINAL APPROVAL ORDER</u>

This matter came before the Court on January 23, 2025, for a Final Approval Hearing pursuant to the Court's August 14, 2024 Preliminary Approval Order (ECF No. 52). The Court carefully reviewed all of the filings related to the Settlement and heard argument on the Motion.[1]

After full consideration of the Motion and the presentations of the parties, the Court concludes that this Settlement provides a favorable recovery for the Settlement Class Members and is an acceptable result under the circumstances and challenges presented by this Action. The Court specifically concludes that the Settlement is fair, adequate, and reasonable, and an acceptable compromise of the claims filed for the benefit of the Settlement Class Members. The Settlement complies with Federal Rule of Civil Procedure 23(e). Therefore, the Court grants Final Approval of the Settlement and certifies the Settlement Class.

The Court now makes the findings of fact and conclusions of law set forth in this Final Approval Order granting the Motion, and **HEREBY ORDERS AND ADJUDGES THAT**:

1. This Court has jurisdiction over the subject matter of this Action, the Settlement Class, and over individuals and entities undertaking affirmative obligations under the Settlement.

---

[1] The defined terms herein shall have the same meanings as those defined in the Settlement Agreement (ECF No. 46-3).

2.     This Court hereby approves the Settlement set forth in this Final Approval Order and finds that the Settlement is, in all respects, fair, adequate, and reasonable, and in compliance with all applicable requirements of Federal Rule of Civil Procedure 23 and the United States Constitution (including the Due Process Clause), and all other applicable law, including the factors set forth in *Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863 (7th Cir. 2014).  Following the completion of the Notice Program, there have been no objections to the Settlement, a clear indication that the Settlement Class Members support the Settlement. As the Settlement is in the best interests of the parties and the Settlement Class, the Court directs the parties and their counsel to implement and consummate the Settlement in accordance with the terms and conditions of the Settlement Agreement.

3.     Pursuant to Federal Rule of Civil Procedure 23, the Settlement Class consists of "all persons (individuals and/or entities) who purchased any Beyond Meat Product for household use and not for resale or distribution, from May 31, 2018 to the date of the Preliminary Approval Order", i.e., August 14, 2024.   Excluded from the Settlement Class are: (i) Beyond Meat, Inc. and its officers, directors, and employees; and Beyond Meat, Inc.'s corporate affiliates and corporate affiliates' officers, directors, and employees; (ii) Class Counsel and Plaintiffs' Additional Counsel; (iii) the judges who have presided over the Action; and (iv) all other persons who timely elected to become opt-outs from the Settlement Class in accordance with the Court's Orders.

4.     The Settlement Class, as previously provisionally certified, satisfies all the requirements contained in Federal Rule of Civil Procedure 23, the United States Constitution, and any other applicable law as more fully set forth in the Court's Preliminary Approval Order, which is incorporated into this Final Approval Order by this reference.

5.     As such, the Court finds, for settlement purposes only, that: (a) the Settlement Class as defined is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class; (d) the Class Representatives and Class Counsel will fairly and adequately protect the interests of the Settlement Class Members; (e) Plaintiffs allege that Defendant has acted on grounds that apply generally to the Settlement Class; (f) the questions of law or fact common to the Settlement Class predominate over the questions affecting individual Settlement Class Members; and (g) certification of the Settlement Class is superior to other methods for the fair and efficient adjudication of the controversy.

6.     There are no objections to the Settlement and there are only 14 Settlement Class Members who requested to opt out from the Settlement through the opt-out process approved by this Court (identified in Exhibit A to this Final Approval Order). This Court hereby dismisses this Action on the merits and with prejudice as though after trial and a final adjudication of the facts and the law as to all Settlement Class Members' Released Claims.

7.     In exchange for the benefits conferred by the Settlement, the Settlement Class will be deemed to have released the Released Parties from Released Claims. The Settlement Class are barred and enjoined from asserting any of the Released Claims at any time and in any jurisdiction, including during any appeal from this Final Approval Order. Further, the Settlement Class Members are barred and enjoined from pursuing any Released Claims against Released Parties at any time and in any jurisdiction, including during any appeal from this Final Approval Order.

8.     The Notice Program was the best notice practicable under the circumstances. The Notice Program provided due and adequate notice of the proceedings and of the matters set forth

therein, including the proposed Settlement set forth in the Settlement Agreement, to all persons entitled to such notice and said Notice fully satisfied the requirements of the Federal Rules of Civil Procedure and the United States Constitution, including the requirements of due process.

9.     Settlement Class Members shall be entitled to receive the benefits of the Settlement in accordance with the procedures set forth in the Settlement Agreement.

10.     Having found that the Settlement Class Members have been properly certified and received proper Notice under the Notice Program, all Settlement Class Members, other than the 14 Settlement Class Members who opted out of the Settlement, shall be barred and enjoined from (a) further litigation in this case and (b) filing or taking any action directly or indirectly to commence, prosecute, pursue, or participate on any individual or class or collective action basis any action, claim, or proceeding against Defendant in any forum in which any of the claims released in this Agreement are asserted or which in any way would prevent any such claims from being extinguished.

11.     All Settlement Class Members who have not opted out of the Settlement shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable to the Settlement Class Member.

12.     Without affecting the finality of the Final Approval Order in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement; (b) this Action until the judgment contemplated herein has becomes effective and each and every act agreed to be performed by the parties has been performed; (c) the parties to the Agreement, including Defendant, Plaintiffs, all Settlement Class Members, and all objectors, to administer, supervise, construe, and enforce the Settlement Agreement in accordance with its terms; and (d) the enforcement of the Court's injunctions.

13. In the event the Settlement does not become effective in accordance with its terms, then the judgment contemplated herein shall be rendered null and void and be vacated and the Settlement Agreement and all orders entered in connection therewith shall be rendered null and void, the Settlement Class shall be decertified, all of Defendant's obligations under the Settlement shall cease to be of any force and effect; the amounts in the Settlement Fund shall be returned to Defendant and Plaintiffs' Consolidated Complaint shall be reinstated as it existed prior to the making of the Settlement Agreement. In that case, all communications, documents, filings, negotiations, and other actions taken by the Parties to negotiate and pursue a settlement through the Settlement Agreement shall be considered confidential settlement communications which cannot be used in evidence by any party against another party.

14. Nothing in this Final Approval Order or the Agreement shall be construed as an admission or concession by either party. Defendant has denied all of Plaintiffs' allegations and continues to deny such allegations. Plaintiffs continue to believe their allegations have merit. The Settlement and this resulting Final Approval Order represent a compromise of disputed allegations.

15. The Court has considered Plaintiffs' Motion for Attorneys' Fees, Costs, and Incentive Awards. Having reviewed that motion, the Court hereby **GRANTS** the Motion for Attorneys' Fees, Costs, and Service Awards. Class Counsel is hereby awarded $2,500,000 in attorneys' fees and costs and Plaintiffs are each awarded $2,500 as a Service Award.

16. Pursuant to Federal Rule of Civil Procedure 58(a), the Court directs the Clerk of this Court to close the case.

17. For the foregoing reasons, the Court: (1) grants Final Approval of the Settlement; (2) appoints Plaintiffs as Class Representatives; (3) appoints as Class Counsel the law firms and

-6-

attorneys listed in Paragraph 13 of the Settlement Agreement; (4) grants the Motion for Attorneys' Fees, Costs, and Service Awards; (5) retains continuing jurisdiction over Plaintiffs, the Settlement Class Members, and Defendant to implement, administer, consummate and enforce the Settlement and this Final Approval Order, including the Court's injunctions; and (6) dismisses the Action with prejudice.

**IT IS SO ORDERED.**                                            **March 21, 2025**

Hon. Sara L. Ellis
United States District Court Judge, Northern
District of Illinois, Eastern Division

-7-

**EXHIBIT A**
*Exclusion List*

Brandon Day
Caitlyn Peed
Chris Sadler
Clothier Cassi
Jason Parsons
Krisrin Kirk
Lauren Matcha
Lonica Bush
Miana  Saucedo
Regina Gibson
Sydney Gwaltney
Tyrone Allison
Willis Paula
Yazmin Grijalva